■ CROSSLAND SAVINGS, FSB, Respondent, v PHILIP PILEVSKY, Defendant, JENNIFER CHERNEY, Appellant-Respondent, and DAVID LAVIPOUR, Respondent-Appellant. [604 NYS2d 784] —In an action to recover on eight promissory notes, the defendant Jennifer Cherney appeals, as limited by her brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Dowd, J.), entered May 22, 1991, as granted that branch of the plaintiff's motion which was for summary judgment in lieu of complaint with respect to her, and the defendant David Lavipour cross-appeals from the same order and judgment.

Ordered that the order and judgment is affirmed insofar as appealed from; and it is further,

Ordered that the cross appeal is dismissed for failure to perfect the same in accordance with 22 NYCRR 670.8 (c); and it is further,

Ordered that plaintiff is awarded one bill of costs.

It is undisputed that the return date on the plaintiff bank's

notice of motion for summary judgment in lieu of a complaint gave the appellant Cherney less notice than the CPLR requires. However, we agree with the Supreme Court that the stipulation adjourning the return date, which was subsequently signed by the attorneys for all the parties, including the appellant Cherney, remedied the defect by providing the appellant Cherney with a proper amount of time in which to respond to the motion.

The appellant Cherney's argument that on the facts, the bank is not entitled to summary judgment, is without merit *(see, W.W.W. Assocs. v Giancontieri,* 77 NY2d 157 [extrinsic evidence inadmissible to vary the terms of or to create an ambiguity in an unambiguous document]). Mangano, P. J., Balletta, Rosenblatt and Ritter, JJ., concur.